# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-19-775-G<br>) |
| FAST HAUL, INC. et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Now before the Court is a Motion to Intervene (Dkt. No. 13) filed by Domino Transports, Inc. ("Domino"). Plaintiff Great West Casualty Company ("Great West") has responded in opposition (Dkt. No. 14), and Domino has replied (Dkt. No. 15). Defendants Fast Hall, Inc., and Shannon Fast have also responded, but do not object to Domino's requested relief. (See Dkt. No. 21.) The Motion is now at issue.

### BACKGROUND

This action stems from an automobile collision that resulted in the death of Kasey Jill Morse ("Ms. Morse"). On October 29, 2018, Ms. Morse was operating her vehicle along Interstate 40 near MacArthur Boulevard in Oklahoma City, Oklahoma, when she was struck by a dual-wheel assembly that had detached from a fuel tank trailer owned and maintained by Domino. At the time of the accident, the trailer was being pulled by a freightliner truck operated by Shannon Fast ("Mr. Fast").

On June 17, 2019, Ms. Morse's estate (the "Estate") filed suit in the District Court of Oklahoma County, Oklahoma, asserting negligence claims against Domino, Mr. Fast, and Mr. Fast's company, Fast Haul, Inc. (collectively, the "Fast Defendants"). See Morse v. Domino Transports, Inc. et al., No. CJ-2019-3369 (Okla. Cty. Dist. Ct. filed June 17, 2019).[1] The Estate asserts that Domino and the Fast Defendants are jointly and severally liable for Ms. Morse's injuries and subsequent death. (Dkt. No. 13-1 p. 5.)

At the time of the accident, Fast Haul, Inc., was insured pursuant to a commercial lines policy issued by Great West (the "Policy"). (Dkt. No. 1, at ¶ 9.) On August 23, 2019, Great West filed the instant lawsuit seeking a declaration that there is no coverage under the Policy and, as such, it is not obligated to defend or indemnify the Fast Defendants against the Estate's claims. See id. at ¶¶ 17-19. In the motion under review, Domino seeks to intervene, contending that a determination regarding coverage under the Policy "will affect . . . its defense and any legal and financial responsibility it might have" in the state court action. (Dkt. No. 13, p. 2.)

ANALYSIS

I.  Intervention as of Right

Rule 24(a)(2) of the Federal Rules of Civil Procedure "provides for intervention as of right by anyone who in a timely motion 'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless

---

[1] Docket publicly available through http://www.oscn.net.

existing parties adequately represent that interest.'" WildEarth Guardians v. U.S. Forest Serv., 573 F.3d 992, 995 (10th Cir. 2009) (quoting Fed. R. Civ. P. 24(a)(2)).  Since Great West does not contest the timeliness of Domino's Motion, the Court presumes timeliness and proceeds to examine whether Domino has identified an interest that, as a practical matter, may be impaired by the disposition of this litigation.  Finding that Domino has not carried its burden, the Court deems it unnecessary to consider the adequacy of representation by existing parties.

The impaired-interest requirement "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." San Juan Cty., Utah v. United States, 503 F.3d 1163, 1196 (10th Cir. 2007) (en banc) (abrogated on other grounds by Western Energy Alliance v. Zinke, 877 F.3d 1157 (10th Cir. 2017) (citations and internal quotation marks omitted) . The Tenth Circuit follows a "somewhat liberal line in allowing intervention." WildEarth Guardians, 573 F.3d at 995 (citations and internal quotation marks omitted).  The movant's burden is "minimal" and is satisfied by a showing "that impairment of its substantial legal interest is possible if intervention is denied." Id. (citation and internal quotation marks omitted).  There is no "rigid formula" for determining whether a proffered interest justifies intervention. San Juan Cty., 503 F.3d at 1199.  Rather, courts must exercise "practical judgment," considering "the strength of the interest and the potential risk of injury to that interest," as well as "the language and purpose of the Rule." Id.

Domino submits that it has an interest in this lawsuit because "should there be a determination that [the Fast Defendants] have no insurance . . . then Domino Transports

will have the sole burden of defending the underlying case and . . . satisfy[ing] a[ny] judgment" in favor of the Estate.[2] (Dkt. No. 13, p. 4.) As set forth below, the Court concludes that Domino has not satisfied its burden to show potential impairment of a "substantial legal interest." WildEarth Guardians, 573 F.3d at 995.

As an initial matter, the 2011 amendments to Oklahoma's joint-liability statute have extinguished the doctrine of joint and several liability in "civil action[s] based on fault and not arising out of contract . . . ." Okla. Stat tit. 23, § 15(A). In such cases, "the liability for damages caused by two or more persons" is now "several only," making "a joint tortfeasor . . . liable only for the amount of damages allocated to that tortfeasor." Okla. Stat tit. 23, § 15(A). Accordingly, there is no merit in Domino's assertion that it may be forced "to answer in damages for negligence . . . attribute[d] to Fast and Fast Hall."[3] (Dkt. No. 13, p. 3); see Loos v. Saint-Gobain Abrasives, Inc., No. CIV-15-411-R, 2016 WL 5017335, at *6 (W.D. Okla. Sept. 19, 2016) (rejecting defendant's argument that "it could be forced to pay

---

[2] In its Reply, Domino argues for the first time that the existence or non-existence of coverage under the Policy will impact its "strategy in the underlying case," including "the options and outcome for settlement." (Dkt. No. 15, p. 4.) The Court declines to address this argument, however, under the well-settled rule that arguments raised for the first time in a reply brief are deemed waived. See, e.g., SCO Grp., Inc. v. Novell, Inc., 578 F.3d 1201, 1226 (10th Cir. 2009).

[3] Notwithstanding the 2011 amendments, the Estate's assertion of joint and several liability in the state court action would not give Domino a substantial legal interest in the adjudication of coverage under an insurance policy to which it is not a party. Cf. Essex Ins. Co. v. Sheppard & Sons Const., Inc., No. CIV-12-1022-D, 2015 WL 4251073, at *6-8 (W.D. Okla. July 13, 2015) (holding that, in an insurer's declaratory-judgment action seeking a determination of no coverage, there was not a live case or controversy between the insurer and an alleged joint tortfeasor of the insured in the underlying tort action).

4

for more than its proportionate share of liability if it [was] found negligent" in light of the 2011 amendment to Oklahoma's joint-liability statute).

What remains is Domino's argument that an adjudication of no coverage will leave it with "the sole burden of defending the underlying case." (Dkt. No. 13, p. 4.) Domino has not, however, established a "substantial legal interest" in sharing defense costs with its codefendants in the state court action. While Domino might stand to benefit—financially or otherwise—from Great West's participation in that lawsuit, any claimed legal interest in its participation is "too indirect" and "hardly substantial." WildEarth Guardians, 573 F.3d at 995 (citation and internal quotation marks omitted) (emphasis omitted).

At any rate, Domino makes no attempt to demonstrate that the Fast Defendants lack the financial resources to contribute to a defense against the Estate's claims and/or are not sufficiently motivated to do so. See Trinity Univ. Ins. Co. v. Turner Funeral Home, No. 1:02-CV-231, 2003 WL 25269317, at *7 (E.D. Tenn. Sept. 18, 2003) (holding that tort victims failed to establish a right to intervene in a declaratory-judgment action by their tortfeasor's insurer insofar as the tortfeasor was "not alleged to lack sufficient assets with which to satisfy any judgment in the underlying action"). Therefore, Domino has not carried its burden for intervention as a matter of right.

II. Permissive Intervention

Under Rule 24(b) of the Federal Rules of Civil Procedure, "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," provided the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P 24(b).

Domino seeks leave to intervene pursuant to Rule 24(b) on the theory that "it is a party in the underlying lawsuit," which, it submits "is enough to allow the Court to permit intervention." (Dkt. No. 13, p. 4.) But Domino does not, as it must, identify any common question between the present action and any claim or defense it has asserted or intends to assert in the state court action. Accordingly, its request for permissive intervention is denied.

## CONCLUSION

For the reasons set forth above, Domino Transports, Inc.'s Motion to Intervene (Dkt. No. 13) is DENIED.

IT IS SO ORDERED this 10th day of December, 2019.

_____
ROBIN J. CAUTHRON
United States District Judge