UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| GREAT WEST CASUALTY COMPANY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-775-C |
| FAST HAUL, INC. et al., | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This action stems from an automobile collision that resulted in the death of Kasey Jill Morse ("Ms. Morse"). On October 29, 2018, Ms. Morse was operating her vehicle along Interstate 40 near MacArthur Boulevard in Oklahoma City, Oklahoma, when she was struck by a dual-wheel assembly that had detached from a fuel tank trailer owned and maintained by Domino. At the time of the accident, the trailer was being pulled by a freightliner truck operated by Shannon Fast ("Mr. Fast").

On June 17, 2019, Ms. Morse's estate (the "Estate") filed suit in the District Court of Oklahoma County, Oklahoma, asserting negligence claims against Domino, Mr. Fast, and Mr. Fast's company, Fast Haul, Inc. (collectively, the "Fast Defendants"). See Morse v. Domino Transports, Inc. et al., No. CJ-2019-3369 (Okla. Cty. Dist. Ct. filed June 17, 2019).[1] The Estate asserts that Domino and the Fast Defendants are jointly and severally liable for Ms. Morse's injuries and subsequent death. (Dkt. No. 13-1 p. 5.)

---

[1] Docket publicly available through http://www.oscn.net.

At the time of the accident, Fast Haul, Inc., was insured pursuant to a commercial lines policy issued by Great West (the "Policy"). (Dkt. No. 1, at ¶ 9.) On August 23, 2019, Great West filed the instant lawsuit seeking a declaration that there is no coverage under the Policy and, thus, it is not obligated to defend or indemnify the Fast Defendants against the Estate's claims. See id. at ¶¶ 17-19. Having not been named in this lawsuit despite being party to the state court lawsuit, Domino then sought to intervene in this case—a request this Court denied. (See Dkt. No. 27.) Domino now moves the Court to reconsider that decision.

I. Motion to Reconsider

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Servants of The Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). More specifically, a court may need to reconsider a matter when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. Nevertheless, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). Indeed, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014).

II. Analysis

First, Domino takes issue with the Court's finding that Domino did not establish a substantial interest in this action. Yet, in doing so, Domino largely advances the same

2

points it has previously raised. (See Dkt. No. 31, pp. 4-8; see also Dkt. No. 13, pp. 3-4.) And even though it attempts to explain why the Court was wrong in its previous Order, it fails to bring any clear error to the Court's attention. Domino next argues that its participation in this action is necessary to prevent injustice—relying principally on Ranger Ins. Co. v. Events, Inc., Case No. Civ. A. 03-2831, 2004 WL 2004545 (E.D. La. Sept. 8, 2004). In Ranger, however, the court granted the intervenor's request because the intervenor properly established its interest in the case, not due to any concerns about injustice. See Ranger, 2004 WL 2004545 at *3–*6. Ranger is thus inapplicable here.

Domino rounds out its motion with arguments that it has either previously advanced or could have advanced. For instance, it once again promotes its case for permissive intervention. But the Court already found that it failed to do so. (See Dkt. No. 27, pp. 5-6.) Having previously lost this argument, Domino is not entitled to a "second chance . . . to make its strongest case" here, or "to dress up arguments that previously failed." Voelkel, 846 F. Supp. at 1483. Yet that is precisely what it tries to do. Domino then proceeds, moreover, to invoke its due process rights: "Due process requires Domino Transports an opportunity to assert its interests in this case." (Dkt. No. 31, p. 11.) Given that this action involves a coverage dispute for an insurance policy to which Domino is not a party, however, the Court finds that Domino's due process rights will not be violated if it cannot intervene.[2] Additionally, there is no reason why Domino could not have advanced this argument previously. In short, Domino's motion will be denied.

---

[2] See, e.g., Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982). There, the Court recognized that due process does not entitle a litigant to a merits hearing in every

For the reasons set forth above, the Motion to Reconsider/Motion for New Trial of Domino Transports, Inc. in Support of Motion to Intervene (Dkt. No. 31) is DENIED.

IT IS SO ORDERED this 29th day of January, 2020.

_____
ROBIN J. CAUTHRON
United States District Judge

---

case—only the meaningful opportunity for one. Id. It further explained that due process is not violated when a party does not receive a hearing for failure to comply with a reasonable procedural or evidentiary rule. Id.