IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREAT WEST CASUALTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-19-775-C |
| | ) | |
| FAST HAUL, INC., an Oklahoma Corp.; | ) | |
| SHANNON FAST, an individual; | ) | |
| CYNDY KAY MORSE, an individual and | ) | |
| as Personal Representative of the Estate of | ) | |
| Kasey Jill Morse, deceased; and STEVEN | ) | |
| DALTON, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action seeking a declaration of rights and responsibilities pursuant to an insurance policy it issued to Defendant Shannon Fast and/or Fast Haul, Inc. On October 29, 2018, Defendant Fast was driving a tractor trailer west on Interstate 40 in Oklahoma City, OK. While traveling down the roadway, the rear wheel assembly of the trailer Defendant Fast was hauling detached, crossed the median, and struck a vehicle driven by Kasey Jill Morse. Ms. Morse was killed due to injuries received in the collision. Defendants Cyndy Kay Morse and Steven Dalton brought suit against Defendants Shannon Fast ("Fast"), Fast Haul, Inc. ("Fast Haul") and Domino Transports, Inc. ("Domino"), in Oklahoma County District Court. Plaintiff now seeks summary judgment declaring that it does not owe a duty to defend or indemnify in the state court action.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

The issue before the Court is one of determining the scope of coverage of an insurance policy. Thus, general principles of insurance law set the boundaries for the Court's decision. Before coverage exists, the potential claim must lie within the scope of the insurance policy. Dodson v. St. Paul Ins. Co., 1991 OK 24, ¶ 13, 812 P.2d 372, 377. It is only when an insurer seeks to limit the scope of provided coverage that a clear and unambiguous exclusion is required. Id. at n.11. As with any other issue of contract interpretation, the Court's initial task is to determine if there are any ambiguities in the insurance policy. See Dodson, 1991 OK 24, ¶ 12, 812 P.2d 372, 376 ("The interpretation of an insurance contract and whether it is ambiguous is a matter of law for the Court to determine and resolve accordingly.") As the Oklahoma Supreme Court has stated,

> an insurance policy is a contract. *When its terms are unambiguous and clear*, the employed language is accorded its ordinary, plain meaning and enforced so as to carry out the parties' intentions. In this process we are mindful that an insured and insurer are free to contract for that quantum of coverage which one is willing to extend and the other is willing to purchase. The parties are bound by the terms of their agreement and the Court will not undertake to rewrite the same nor to make for either party a better contract than the one which was executed.

Bituminous Cas. Corp. v. Cowen Constr., Inc., 2002 OK 34, ¶ 9, 55 P.3d 1030, 1033 (footnotes omitted). Following these rules, then, the Court turns to the insurance policy in question to determine whether its terms are clear and unambiguous.

Plaintiff admits that it provided a policy of insurance to Defendants Fast and Fast Haul. Plaintiff further admits that policy of insurance was intended to cover the operation of

3

the vehicle Defendant Fast was driving that was involved in the collision. Plaintiff's argument hinges on two clauses in the policy which it argues preclude coverage for this collision. Those provisions are as follows:

**COVERAGE**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto" only while:

1. A covered "auto" is not used to carry property in any business; and
2. A covered "auto" is not used in the business of anyone to whom the "auto" is rented, leased or loaned.

(Policy, Section II, paragraph A, 15-page "Non-Trucking Use Coverage Form," Dkt. No. 1, Ex. 1 p. 24).

**MOTOR CARRIER OPERATIONS**

This insurance does not apply to:

a. A covered "auto" while used to carry property in any business; or

b. A covered "auto" while used in the business of anyone to whom the "auto" is rented, leased or loaned.

(Policy, Section II, paragraph B, 15-page "Non-Trucking Use Coverage Form," Dkt. No. 1, Ex. 1 p. 27). Plaintiff argues that the vehicle Defendant Fast was driving had been leased to Domino at the time of the collision and therefore these provisions of the policy preclude coverage. According to Plaintiff, the first provision set out above specifically provides there is no coverage where the vehicle is used for business. Under the second, coverage is

4

specifically excluded when the vehicle is used for the business of someone to whom it is rented, leased or loaned. Defendants argue these policy provisions are ambiguous. However, Defendants' arguments in support do not demonstrate any ambiguity in the language of the policy provisions. Rather, Defendants' arguments are premised on factual disagreements with whether the policy provisions should be applied. Accordingly, the Court finds as a matter of law that the terms of the insurance policy are not ambiguous.

Plaintiff argues that because the vehicle had been leased to Domino at the time of the collision, the vehicle was either being used for a business purpose or being used by someone to whom it had been rented or loaned. According to Plaintiff, under either scenario coverage is excluded for losses arising from the collision. Defendants do not dispute that the vehicle Fast was operating had been leased to Domino. (See Dkt. No. 39, Undisputed Fact No. 3.) Defendants also do not dispute that Defendant Fast worked exclusively with Domino at all relevant times. (See Dkt. No. 39, Undisputed Fact No. 4). Defendants argue that because Fast was on his way to pick up a load of cargo for Domino at the time of the collision, he was not yet using the vehicle in the business of Domino and so the exclusions do not apply.

Defendants' arguments fail to demonstrate any dispute of material fact. As noted, it is undisputed that at the time of the collision, the vehicle was leased to Domino and Fast worked exclusively for Domino. Under these undisputed facts, there was never a time when the vehicle was being used that it was not being used in the business of Domino – a business to whom the vehicle had been leased or rented. Thus, the policy provisions set out herein exclude coverage for the collision. Plaintiff is entitled to summary judgment.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff Great West Casualty Company's Motion for Summary Judgment (Dkt. No. 39) is GRANTED. A separate judgment shall issue.

IT IS SO ORDERED this 9th day of April, 2020.

ROBIN J. CAUTHRON
United States District Judge